IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00378-CMA-CBS

PERCY BARRON,
    Plaintiff,
v.

STEVEN NAFZIGER,
MAUREEN CRUZ,
R. WILEY,
HARRELL WATTS,
MICHAEL NALLEY,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court regarding, *inter alia*, Mr. Barron's failure to respond to the court's Order to Show Cause (doc. # 31). Pursuant to the June 19, 2008 Order of Reference, this civil action was referred to the Magistrate Judge to "[h]ear and determine pretrial matters, . . ." The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

    By an Order entered March 24, 2008, the court granted Mr. Barron leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (*See* doc. # 9). Pursuant to § 1915(b)(2), Mr. Barron is required to make monthly payments of 20 percent of the preceding month's income credited to his prison trust account until the filing fee is paid in full. (*See id.*). Mr. Barron was instructed either to make the required monthly payments or to show cause each month why he has no assets and no means by which to make the monthly payment. (*See* doc. # 9). In order to show cause, Mr. Barron was

1

directed to file a certified copy of his inmate trust account statement.  (*See* doc. # 9).
Mr. Barron was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action.  (*See* doc. # 9).  Mr. Barron failed to make the required payments or show cause why he had no assets and no means by which to make the payments for the months of June, July, and August 2008.  On August 26, 2008, the court ordered Mr. Barron either to make the required monthly payments for June, July, and August 2008 or to show cause why he could not.  (*See* doc. # 31). As of this date, Mr. Barron has not responded to the court's Order to Show Cause.  Mr. Barron's copy of the court's Order to Show Cause has not been returned to the court in the mail as undeliverable.

Mr. Barron has not made the payments for the months of June, July, and August 2008 or shown cause why he cannot, as ordered by the court.  Nor has Mr. Barron made the required monthly payments for September and October 2008 or shown cause why he cannot.  Further, Mr. Barron has not responded to Defendants' Motion to Dismiss.  On September 2, 2008, the court ordered Mr. Barron to file his response to Defendants' Motion to Dismiss on or before September 29, 2008.  (*See* doc. # 32).  Mr. Barron's copy of the court's Minute Order has not been returned in the mail as undeliverable.  To date, Mr. Barron has not responded to the Motion to Dismiss.

In order to recommend the sanction of dismissal with prejudice of this civil action for failure to comply with § 1915 and the court's orders, the court must analyze the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order).  *See Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994)

2

(when a dismissal is with prejudice it "should be determined by reference to the *Ehrenhaus* criteria"). The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted). "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

Applying the *Ehrenhaus* criteria, the court finds first that although Defendants have not been prejudiced by Mr. Barron's ongoing failure to follow the court's orders and § 1915, the court's repeated review of the file and issuance of orders regarding the filing fee has increased the workload of the court and therefore interfered with the administration of justice. Second, the record does not reveal that anyone other than Mr. Barron is culpable for his failure to comply with the court's orders and § 1915. Third, the court has repeatedly warned Mr. Barron of the possibility of dismissal for failure to comply with the court's orders and § 1915. (*See* docs. # 9, # 31). Finally, there is no lesser sanction available under the circumstances, as it would be pointless to impose a financial sanction on a plaintiff who has failed to comply with previous court orders and statutory requirements for payment. Four out of five *Ehrenhaus* factors thus support dismissal of this civil action with prejudice for failure to comply with the court's orders and § 1915.

Accordingly, IT IS RECOMMENDED that this civil action be DISMISSED with prejudice for Mr. Barron's failure to comply with the court's orders and Title 28 U.S.C. §

1915.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining*

*Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 23rd day of October, 2008.

BY THE COURT:

/s/ Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge